AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA T.Zaleski)  20-112

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| NAFEZ HUTCHINGS | ) | Case No. 20-mj-1663 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 24, 2020** in the county of **Montgomery** in the **Eastern** District of **District**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 924(a)(1)(A) | Making false statements to a federal firearms licensee. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Eric R. Frye*
Complainant's signature

Eric R. Frye, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/14/2020

*David R. Strawbridge*
Judge's signature

City and state: Philadelphia, Pennsylvania

DAVID R. STRAWBRIDGE, U.S. Magistrate
Printed name and title

# A F F I D A V I T

## I. INTRODUCTION

I, Eric R. Frye, being duly sworn, depose and states as follows:

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July 2001. I am currently assigned to the Firearms Trafficking Unit whose primary responsibilities include investigating individuals or groups who have committed violations of federal firearms laws. During my tenure as an ATF agent, I have conducted numerous investigations that have resulted in the arrests of individuals who have committed these violations of federal law. The information set forth below is either known to me personally or was related to me by other law enforcement personnel. Because this affidavit is being submitted for the purpose of obtaining authorization for an arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to arrest Nafez HUTCHINGS for violations of Title 18, United States Code, Section 924(a)(1)(A) (making false statements to a federal firearms licensee).

## II. FACTS SUPPORTING PROBABLE CAUSE

2. Since approximately August 2020, I have been conducting an investigation into Nafez HUTCHINGS, and others known and unknown, who are suspected in conspiring to illegally traffic firearms in and around Philadelphia, Pennsylvania. The firearms have been purchased by HUTCHINGS at a Federal Firearms Licensee (FFL) in Pennsylvania. The investigation began with the revelation that Nafez HUTCHINGS purchased approximately thirteen (13) firearms in August 2020 while using the address of 5425 Christian Street, Philadelphia, Pennsylvania. I have also learned that HUTCHINGS bought one firearm using his current address of 7250 Walnut Street, Building A, Apartment 207, Upper Darby, Pennsylvania, and also attempted to purchase eight other firearms using that address.

3. On August 31, 2020, Philadelphia Police Detective (Det.) Michael DiNezza and I attempted to interview Nafez HUTCHINGS at the address Hutchings used when completing required paperwork for purchasing firearms, that is, 5425 Christian Street, Philadelphia, Pennsylvania. Upon arriving at that location, I observed that the property appeared to be vacant and the front door had a real estate lockbox on the door knob. A real estate lock box is generally used when a property is for sale, allowing real estate agents access to the property while also keeping the property secure. While knocking on the front door of the residence, I was contacted by the property manager via a security camera above the front door. That individual, Carlos Fontanez of Realty Warehouse in New York City, stated that the Christian Street residence was currently vacant and had been for approximately one month. When asked if an individual named Nafez HUTCHINGS had lived there previously, Carlos Fontanez stated that no one using that name had lived there, nor was anyone with that name ever on the lease.

4. On September 9, 2020, the manager of Tanner's Sports Center, an FFL located at 2301 York Road, Jamison, Pennsylvania, advised that Nafez HUTCHINGS recently attempted to purchase eight firearms from Tanner's, but left before the sale was approved by the Pennsylvania State Police. HUTCHINGS told the manager that he recently had moved from the Christian Street address he had previously listed in earlier paperwork completed to purchase a firearm to 7250 Walnut Street, Building A, Apartment 207, Upper Darby Pennsylvania.

5. On September 10, 2020, Det. DiNezza and I went to 7250 Walnut Street, Building A, Apartment 207, Upper Darby, PA, to interview Nafez HUTCHINGS. Upon arrival at Apartment 207, we identified ourselves to HUTCHINGS, who invited us inside his apartment. When I asked HUTCHINGS if we could visually inspect his thirteen (13) firearms, he answered that he did not have the firearms in his apartment. When I asked HUTCHINGS about the firearms' location, he initially replied that they were in storage and he would not have access to them for approximately one week. When I asked again about the location of the firearms, HUTCHINGS stated that he gave them to a friend named "Jamal" to hold for him because he knew he wasn't allowed to have them in his apartment, and he also acknowledged that he knew he did not use the correct address on the ATF Form 4473 when purchasing them. Det. DiNezza asked HUTCHINGS to accompany us back to the U.S. Customs House, 200 Chestnut Street, in Philadelphia, to learn the location of his firearms. HUTCHINGS voluntarily agreed to go to the ATF office to continue the interview.

6. When HUTCHINGS arrived at the ATF office, I presented him with an ATF Form 3200.4 (Advice of Rights and Waiver). HUTCHINGS read his statement of constitutional rights and signed it in our presence, stating that he understood his rights and wished to continue the interview.

7. I asked HUTCHINGS how many firearms he had purchased. HUTCHINGS admitted to purchasing 21 firearms. (Subsequent investigation revealed HUTCHINGS actually had purchased 22 firearms at that time.)  Before the interview, I knew that HUTCHINGS had purchased 13 firearms from Tanner's Sports Center. HUTCHINGS voluntarily admitted to buying approximately seven other firearms from Treeline Sports Inc. in Norristown, Pennsylvania, one firearm from Philadelphia Training Academy in Philadelphia, and one firearm from Surplus Arms in Chester, Pennsylvania. HUTCHINGS admitted to using the address of 5425 Christian Street, Philadelphia, PA, on all ATF Forms 4473 for his firearm purchases, when in actual fact he was living at 7250 Walnut Street, Apartment 207, in Upper Darby, Pennsylvania.

8. I asked HUTCHINGS for whom he purchased the firearms. HUTCHINGS admitted to purchasing the firearms for an individual he knows only as "Jamal."  HUTCHINGS stated he has known "Jamal" from his childhood and had played little league sports with him. When I asked why he would purchase the firearms for "Jamal," HUTCHINGS replied that he and "Jamal" were just talking one day about life and came to a "mutual agreement" that HUTCHINGS would begin to buy firearms for "Jamal." When asked what "Jamal" would give him for purchasing firearms, HUTCHINGS answered that he

initially would receive $40 or $50 dollars, which included gas money for his car. HUTCHINGS stated that the first firearm he bought for "Jamal" was from Philadelphia Training Academy, 831 Ellsworth Street, Philadelphia, Pennsylvania on July 26, 2020. That firearm was a Glock Model 44, .22 caliber pistol (serial number AEKG757). HUTCHINGS said that he used the address of 5425 Christian Street, Philadelphia Pennsylvania, on ATF Form 447, but he was living at 7250 Walnut Street, Apartment 207, Upper Darby, Pennsylvania, at the time of the purchase.

9. I have confirmed that Philadelphia Training Academy held a valid federal firearms license at all times relevant to this investigation, and was authorized to deal in firearms under federal law. Various rules and regulations promulgated under the authority of Title 18, United States Code, Chapter 44 (Sections 921-929), govern the manner in which an FFL holder may sell firearms and ammunition.

10. The rules and regulations governing FFL holders require that a person seeking to purchase a firearm fill out a Firearm Transaction Record, ATF Form 4473. Part of the Form 4473 requires that the prospective purchaser certify that all his or her answers on Form 4473 are true and correct. The Form 4473 contains language warning "making any false oral or written statement, or the exhibiting of any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony."

11. FFL holders are required to maintain a record, in the form of a completed Form 4473, of the identity of the actual buyer of firearms sold by the FFL holder, including the buyer's home address and date of birth.

12. When I asked HUTCHINGS if he had purchased any other firearms for "Jamal," HUTCHINGS admitted to buying seven more firearms from Treeline Sports Inc., in Norristown, Pennsylvania. HUTCHINGS stated that Philadelphia Training Academy did not have a large selection so he wanted to try a different store to buy firearms. HUTCHINGS said he went to Treeline Sports Inc. and bought approximately seven firearms. HUTCHINGS explained that "Jamal" never specifically told him what type of firearm to purchase, that he just tried to find different firearms that he thought "Jamal" would like. "Jamal" would always give him money several days prior to purchasing the firearms and instruct him to buy them whenever he had time. HUTCHINGS stated that because there was never any sense of urgency from "Jamal," he did not believe he was doing anything wrong. HUTCHINGS again admitted that he used the address 5425 Christian Street, Philadelphia, PA on ATF Form 4473 even though he was residing at 7250 Walnut Street, Apartment 207, in Upper Darby. HUTCHINGS purchased the following seven firearms from Treeline Sports Inc.:

- Glock Model 29, 10mm pistol (SN BLEE387) purchased July 30, 2020;
- Smith & Wesson Model MP40, .40 caliber pistol (SN NEB2567) purchased August 3, 2020;
- Canik Model TP9 9mm pistol (SN 20BN04877) purchased August 3, 2020;
- Smith & Wesson Model MP40, .40 caliber pistol (SN HRN0048) purchased August 7, 2020;

- Springfield Model XDE, 9mm pistol (SN ATT2099) purchased August 7, 2020;
- Springfield Model XDE, 9mm pistol (SN AT143402) purchased August 10, 2020; and
- Smith & Wesson Model MP40, .40 caliber pistol (SN NEZ5012) purchased August 10, 2020.

13. I have confirmed that Treeline Sports Inc. held a valid federal firearms license at all times relevant to this investigation, and was authorized to deal in firearms under federal law.

14. HUTCHINGS also admitted that on August 17, 2020 he started purchasing firearms at Tanner's Sports Center, located at 2301 York Road, in Jamison, Pennsylvania. HUTCHINGS explained that he wanted to buy firearms there because "Jamal" told him he wanted to "try something new," and that he wanted to "start shooting different guns at his range." HUTCHINGS said that "Jamal" gave him the money to purchase firearms approximately three days before. On September 10, 2020, employees of Tanner's Sports Center confirmed that HUTCHINGS bought two firearms on August 17, 2020, left the store, and returned later to purchase two more firearms. HUTCHINGS used the address of 5425 Christian Street, Philadelphia, PA on both ATF Forms 4473 that day. HUTCHINGS bought the following firearms that day:

- a Springfield Model XD, .45 caliber pistol (SN US620076);
- a Glock Model 21, .45 caliber pistol (SN BCKR123);
- a Glock Model 44, 22 caliber pistol (SN AEFY913); and
- a Glock Model 30, .45ACP (SN LDE341).

15. I showed HUTCHINGS the ATF Form 4473 from August 17, 2020, and he confirmed that when he answered Question 11A about being the actual buyer of those firearms, he was not telling the truth. HUTCHINGS also confirmed that the address he used on that form was incorrect as well.

16. HUTCHINGS admitted that that he went back to Tanner's Sports Center on August 18, 2020 to purchase two more firearms for "Jamal," again using the address of 5425 Christian Street, Philadelphia Pennsylvania. HUTCHINGS bought the following firearms that day:

- a Glock Model 19X, 9mm pistol (SN BPTD333); and
- a Smith & Wesson Model M&P Shield, .40 caliber pistol (SN JEZ1242).

17. I then presented the ATF Form 4473 from the August 18, 2020 purchase to HUTCHINGS, who admitted that when he answered Question 11A about being the actual buyer of those firearms on the form, he was not telling the truth. HUTCHINGS also confirmed that the address he used on that form was incorrect as well.

18. HUTCHINGS said that after dropping off the firearms to "Jamal" on August 18, 2020, "Jamal" handed him U.S. currency to buy more firearms. "Jamal" told HUTCHINGS that he needed more firearms, but he could purchase them whenever he had time.

19. HUTCHINGS stated that he returned to Tanner's Sports Center on August 20, 2020 to purchase four firearms for "Jamal," again using the address 5425 Christian Street, Philadelphia, Pennsylvania. HUTCHINGS bought the following firearms that day:

    - a Glock Model 21SF, .45ACP pistol (SN BPMR525);
    - a Glock Model 30S, 45ACP pistol (SN BPUV607);
    - a Springfield Model XD9, 9mm pistol (SN US890037); and
    - a Smith & Wesson, Model M&P40C, .40 caliber pistol (SN DSL9765)

20. I presented the ATF Form 4473 from August 20, 2020 to Nafez HUTCHINGS, who admitted that when he answered Question 11A about being the actual buyer of those firearms, he was not telling the truth. HUTCHINGS also confirmed that the address he used on that form was incorrect as well.

21. HUTCHINGS admitted that after dropping off the firearms to "Jamal" on August 20, 2020, "Jamal" handed him U.S. currency to buy more firearms and gave him an additional $100 in cash for himself.

22. HUTCHINGS stated that he returned to Tanner's Sports Center on August 24, 2020 to purchase three firearms for "Jamal," again using the address 5425 Christian Street, Philadelphia Pennsylvania on the ATF Form 4473. HUTCHINGS bought the following firearms that day:

    - a Glock Model 21, .45 caliber pistol (SN MRN459);
    - a Glock Model 23, .40 caliber pistol (SN BPKD595); and
    - a Del-Ton Model DTI-15, 5.56 caliber pistol (SN DTIS214605).

23. I then showed the ATF Form 4473 from August 24, 2020 to HUTCHINGS, who admitted that when he answered Question 11A about being the actual buyer of those firearms, he was not telling the truth. HUTCHINGS also confirmed that the address he used on that form was also incorrect.

24. I have confirmed that Tanner's Sports Center held a valid federal firearms license at all times relevant to this investigation, and was authorized to deal in firearms under federal law.

### III. CONCLUSION

25. Based on the facts and circumstances set forth in this affidavit, I submit there is probable cause to believe that on August 24, 2020, Nafez HUTCHINGS violated Title 18, United States Code, Section 924(a)(1)(A) (making false statements to a federal firearms licensee).

/s *Eric Frye*
ERIC FRYE
Special Agent, ATF

Sworn to and subscribed
before me this ___14th___ day
of October, 2020.

___s/ *David R. Strawbridge*___
HONORABLE DAVID R. STRAWBRIDGE
United States Magistrate Judge

Exhibit "A"

COUNT ONE

On or about August 24, 2020, in Jamison, in the Eastern District of Pennsylvania, defendant NAFEZ HUTCHINGS, in connection with the acquisition of the following firearms, that is, 1) a Glock Model 21, .45 caliber pistol serial number MRN459; 2) a Glock Model 23, .40 caliber pistol serial number BPKD595; and 3) a Del-Ton Model DTI-15, 5.56 caliber pistol, serial number DTIS214605, from Tanner's Sports Center, located at 2301 York Road, in Jamison Pennsylvania, a federally licensed dealer of firearms (FFL), knowingly made in connection with the acquisition of the above firearms from the FFL holder listed above, a false statement and representation with respect to information required by the provisions of Chapter 44, Title 18, United States Code, to be kept in the FFL holder's records, in that, defendant NAFEZ HUTCHINGS provided a written statement on the Firearm Transaction Record, ATF Form 4473, certifying that that he was a current resident of the Commonwealth of Pennsylvania at a particular residence in the 5400 block of Christian Street in Philadelphia, Pennsylvania, knowing that the statement was false and fictitious. In violation of 18 United States Code, Section 924(a)(1)(A).